# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

**CHRISTOPHER BRAD BUCHANAN,**                                          **PLAINTIFF**

**V.**                                                               **NO: 1:05CV330-D-B**

**JIM JOHNSON, Sheriff; RACHAEL HENDERSON,**
**Nurse Practitioner; and "DOROTHY," Nurse,**                         **DEFENDANTS**

## REPORT AND RECOMMENDATION

On March 21, 2006, the *pro se* plaintiff, Christopher Brad Buchanan, appeared before the undersigned United States Magistrate Judge for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985), to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983. An *in forma pauperis* complaint may be dismissed if it is determined that the allegation of poverty is untrue, or if the action or appeal is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2).

At all relevant times, plaintiff was confined at the Lee County Tupelo Adult Jail. Plaintiff alleges that after discovering a rash on his legs, he filled out a sick call request on October 5, 2005. He was seen by Nurse Rachael Henderson the following day, at which time medication was prescribed for him. Plaintiff states after the rash continued to spread, he completed another sick call request on October 12, 2005. He saw nurse Rachael the following day, and she prescribed a different medication. Because the new medication didn't work, plaintiff completed another sick call form on November 1, 2005. On November 3, 2005, he saw Nurse Rachael again, and she said he might have scabbies. Nurse Rachael told him that Nurse

Dorothy would take him to the health department. Plaintiff, having received no treatment by November 15, 2005, completed another medical request, but got no response. After he completed a grievance form, he was seen by Nurse Rachael on November 23, 2005. Plaintiff had a rash and sores on his legs, thighs and genitals. Nurse Rachael told him he would be taken to the health department. Plaintiff states he is still in pain and was never taken to the health department.

At the *Spears* hearing, plaintiff testified that he has since been transferred to the Greenwood Restitution Center where he was allowed to buy over-the-counter medication that has cleared up his rash for the most part.

In order to prevail on an Eighth Amendment claim for denial of medical care, a plaintiff must allege facts which demonstrate "deliberate indifference to the serious medical needs of prisoners [which] constitutes 'unnecessary and wanton infliction of pain' proscribed by the Eighth Amendment . . . whether the indifference is manifested by prison doctors in their response to the prisoner's needs or prison guards in intentionally denying or delaying access to medical care . . . ." *Estelle v. Gamble*, 429 U.S. 97, 104-105 (1976). However, not every claim of inadequate or improper medical treatment is a violation of the Constitution, *Estelle*, 429 U.S. at 105; nor does a disagreement with a doctor over the method and result of medical treatment require a finding of deliberate indifference, *Spears v. McCotter*, 766 F.2d 179 (5th Cir.1985).

Merely alleging that a prison doctor should have undertaken additional diagnostic measures or utilized an alternative method of treatment does not elevate a claim to constitutional dimension. *Varnado v. Collins*, 920 F.2d 320, 321 (5th Cir.1991); *Mendoza v. Lynaugh*, 989

2

F.2d 191, 195 (5th Cir.1993)("negligent medical care does not constitute a valid section 1983 claim."). Further, medical records showing sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference. *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir.1995).

By his own admission, plaintiff had been examined and received treatment on numerous occasions for his rash. Moreover, he testified he has since bought over-the-counter medication that has cleared up his rash. Based on this, plaintiff has failed to allege facts that would suggest that any defendant was "deliberately indifferent" to a serious medical need. Therefore, it is recommended that plaintiff's Complaint be dismissed for failure to state a claim.

The parties are referred to Local Rule 72.2(D) for the applicable procedure in the event any party desires to file objections to the findings and recommendations herein contained. The parties are warned that any such objections are required to be in writing and must be filed within ten days of this date. Failure to timely file written objections to the proposed findings, conclusions and recommendations contained in this report will bar an aggrieved party, except upon grounds of plain error, from attacking on appeal unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Respectfully submitted this, the 22nd day of March, 2006.

/s/ Eugene M. Bogen
**UNITED STATES MAGISTRATE JUDGE**